IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES SWIFT, | ) | 8:15CV326 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| KYLER, and CITY OF OMAHA, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Charles Swift filed his Complaint (Filing No. 1) in this case on September 3, 2015. The court has given Swift leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Swift's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

The court can discern from the allegations in Swift's Complaint, as well as the materials attached to the Complaint, that members of the Omaha Police Department searched Swift's residence pursuant to a search warrant dated August 1, 2014. Swift attached a copy of the affidavit and application for issuance of a search warrant signed by Defendant Officer Richard Kyler, and also a copy of the search warrant signed by a judge in the County Court of Omaha, Douglas County, Nebraska. (Filing No. 1 at CM/ECF pp. 2-4.)

Swift alleges in this case that the search warrant was not supported by probable cause. He also argues the warrant was deficient because it did not contain the name of a confidential informant. (Filing No. 1 at CM/ECF p. 1.) For relief, Swift asks for $10,000,000 in money damages.

## II.  STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION

The court has reviewed the documents attached to Swift's Complaint and finds that they establish no valid § 1983 claim with respect to the search warrant. To be valid, a search warrant must be based upon a finding by a neutral and detached judicial officer that there is probable cause to believe that evidence, instrumentalities or fruits of a crime, contraband, or a person for whose arrest there is probable cause may be found in the place to be searched. *Warden v. Hayden*, 387 U.S. 294 (1967); *Johnson v. United States*, 333 U.S. 10 (1948). The standard of probable cause for the issuing judge is whether, given the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Johnson*, 64 F.3d 1120, 1126 (8th Cir. 1995).

The documents attached to Swift's Complaint, including the affidavit and application for issuance of a search warrant signed by Officer Richard Kyler, and the search warrant signed by a judge of the County Court of Omaha, Douglas County, Nebraska, establish that probable cause existed for the court to issue a search warrant. That is, they show Kyler received an anonymous tip that someone was selling drugs out of a house matching the description of Swift's residence. Kyler conducted an independent investigation, including pulling trash from the house, wherein he discovered marijuana. Thus, there was a reasonable probability, as the application for the warrant suggests, that Kyler would find marijuana within the property. "Only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." *Id.*, quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969).

Swift argues the search warrant was illegal because it did not contain the name of the individual who provided the anonymous tip. Swift's argument is meritless. While Neb. Rev. Stat. § 29-814.04 requires a search warrant to "indicate the name or names of the person or persons whose affidavit or statement has been taken in support

3

thereof," that person is the police officer seeking the warrant. There is no requirement that a police officer's informant be identified by name. *See State v. Lammers, 676 N.W.2d 716, 724 (Neb. 2004)*. And even if there was, the violation of a state statute does not state a claim under the federal Constitution or § 1983. *Bagley v. Rogerson, 5 F.3d 325, 328 (8th Cir. 1993)*.

Swift's action fails to state a claim upon which relief may be granted for yet another reason. Swift's Complaint is silent as to whether Kyler is being sued in his official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)*; *Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989)*. A claim against an individual in his *official capacity* is, in reality, a claim against the entity that employs the official, in this case, the City of Omaha. *See Parrish v. Luckie, 963 F.2d 201, 203 n.1 (8th Cir. 1992)* ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (internal citations omitted)).

As a municipality, the City of Omaha can be liable under § 1983 only if a municipal policy or custom caused Swift to be deprived of a federal right or if the municipality failed to adequately train its employees. *Snider v. City of Cape Girardeau, 752 F.3d 1149, 1160 (8th Cir. 2014)* (citing *City of Canton v. Harris, 489 U.S. 378, 385 (1989)*; *Monell v. N.Y. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)*). Swift made no such allegations in this case.

Out of an abundance of caution, the court will give Swift 30 days in which to file an amended complaint. The court notes Swift has filed a Supplement (Filing No. 7) in this case, but it is not clear how the allegations in this document are related to the allegations set forth in the Complaint. Therefore, in order to ensure a just and fair

resolution of this case, Swift's amended complaint must set forth *all of his claims* for relief in this matter. His amended complaint must not incorporate any part of his previous pleadings. Swift, who has numerous cases pending in this court, must clearly designate on the face of the document that it is his "Amended Complaint" in this case.

IT IS THEREFORE ORDERED that:

1.      Swift must file an amended complaint that states a claim upon which relief may be granted within 30 days. The court will dismiss this case without further notice if Swift fails to do so.

2.      The clerk of the court is directed to set a pro se case management deadline using the following text: December 28, 2015: check for amended complaint.

DATED this 25th day of November, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.